# United States Court of Appeals for the Fifth Circuit

———————

No. 22-40534
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Victor Larraga Solano,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:20-CR-1134-1

———————————————————

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Juan Victor Larraga Solano was convicted, following a jury trial, of one count of conspiracy to import 50 grams or more methamphetamine, in violation of 21 U.S.C. §§ 963, 952(a), 960(a)(1) and (b)(1)(H), and one count of importation of 50 grams or more of methamphetamine, in violation of

———————————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

§§ 952(a), 960(a)(1) and (b)(1)(H) and 18 U.S.C. § 2. On appeal, he challenges the sufficiency of the evidence to support his conviction. For the reasons stated below, we AFFIRM.

Because Larraga Solano moved for a judgment of acquittal at the close of the Government's case but did not renew his Federal Rule of Criminal Procedure 29 motion at the close of all of the evidence, this court applies plain error review. *See United States v. Cabello*, 33 F.4th 281, 285 (5th Cir. 2022); *United States v. Oti*, 872 F.3d 678, 686 (5th Cir. 2017). Thus, he must show that "the record is *devoid of evidence* pointing to guilt or that the evidence is so tenuous that a conviction is shocking." *Cabello*, 33 F.4th at 288 (internal quotation marks, citation, and brackets omitted). Relief is appropriate under this standard only if the Government's evidence is "*obviously* insufficient and the defendant shows a manifest miscarriage of justice." *United States v. Suarez*, 879 F.3d 626, 631 (5th Cir. 2018) (internal quotation marks and citation omitted).

In order to prove conspiracy to import methamphetamine, the Government was required to establish that: (1) a defendant agreed to import drugs and (2) knowingly and voluntarily participated in the agreement. *United States v. Zamora-Salazar*, 860 F.3d 826, 832 (5th Cir. 2017). To prove importation of methamphetamine, the Government had to establish that the defendant: (1) played a role in bringing a controlled substance into the United States from outside of the country; (2) knew the substance was controlled; and (3) knew the substance would enter the United States. *Id.*

Larraga Solano does not dispute the existence of a conspiracy or that the importation of methamphetamine occurred; instead, he challenges only the mens rea element, arguing that the Government did not establish proof that he had knowledge of the methamphetamine hidden in items in the trunk of his vehicle. Any element of conspiracy to import drugs may be inferred

from circumstantial evidence. *Id.* The necessary knowledge and intent to prove importation of a controlled substance can also be proven by circumstantial evidence. *United States v. Lopez-Monzon*, 850 F.3d 202, 206 (5th Cir. 2017). Exercise of control over a vehicle where an illegal substance is concealed creates an inference of knowledge of its presence, but where drugs are concealed in a hidden compartment, "circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge" is also required. *Id.* (internal quotation marks and citation omitted).

A review of the record reveals that there was sufficient circumstantial evidence presented at trial for a reasonable jury to infer Larraga Solano's knowledge of the concealed methamphetamine. *See Cabello*, 33 F.4th at 285. Border agents testified that Larraga Solano appeared nervous. He gave an implausible story, stating that he asked a colleague to check the car he was driving with a canine in advance but then failed to inspect any of the actual items placed in the trunk before leaving for the United States. It was implausible that he was traveling 750 miles across an international border to transport food items, including meat in ice chests and other items available in the United States, and to spend 40 minutes in two clothing stores. *See Lopez-Monzon*, 850 F.3d at 206-08. There were also inconsistencies in his stories, including stops he was making during his trip and whether his car was rented or loaned. *See id.* at 206-07.

Moreover, a jury may infer guilty knowledge when the illicit cargo is valuable enough that it is not rational to believe that it would be entrusted to an unknowing party. *See United States v. Del Aguila-Reyes*, 722 F.2d 155, 157 (5th Cir. 1983); *see also Lopez-Monzon*, 850 F.3d at 208 (stating that the value of the drug being transported is an example of circumstantial evidence that may be probative of knowledge). Here, 44.56 kilograms of methamphetamine valued between $200,000 and $1.12 million were concealed within items in the trunk of the vehicle Larraga Solano was driving.

Along with his demeanor during the investigation and the implausibility of and inconsistencies in his story, this quantity of concealed drugs provided sufficient evidence for the jury to find Larraga Solano guilty of conspiracy to import methamphetamine and importation of methamphetamine. *See Lopez-Monzon*, 850 F.3d at 206-08. Accordingly, Larraga Solano has not shown that the record is devoid of evidence supporting his guilt or that the result constitutes a miscarriage of justice. *See Cabello*, 33 F.4th at 288; *Suarez*, 879 F.3d at 631.

The district court's judgment is AFFIRMED.